UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT FABER,

        Plaintiff,                              Hon. Janet T. Neff

v.                                               Case No. 1:18-CV-472

CHRISTA GARCIA,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on April 25, 2018, against United States Probation Officer Christa Garcia. As Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be **dismissed**.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a

1

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The following allegations are contained in Plaintiff's complaint. On January 24, 2017, Plaintiff spoke with Garcia regarding Plaintiff's claim that he was being harassed by Terrence Smith, another probation officer. Shortly thereafter, Smith charged Plaintiff with a violation of his terms of supervised release. Smith undertook this action for unlawful retaliatory purposes. Garcia approved Smith's decision without first investigating Plaintiff's harassment claims. Plaintiff initiated this action alleging that Garcia failed to protect him from Smith's act of retaliation.

To establish a claim of retaliation, Plaintiff must establish that: (1) he was engaged in protected conduct; (2) the defendant took adverse action toward Plaintiff capable of deterring a person of ordinary firmness from continuing to engage in the protected conduct; and (3) the adverse action

was motivated by Plaintiff's protected conduct.  *See Bishawi v. Northeast Ohio Corrections Center*, 628 Fed. Appx. 339, 343 (6th Cir., Dec. 17, 2014).  With respect to the causation element, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999)).  Conclusory allegations of retaliatory motive are insufficient.  *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004).

Plaintiff alleges nothing more than the bare conclusion that Smith charged him with a supervised release violation for improper retaliatory reasons.  The Court notes that such bare allegations of causation stand in stark contrast to the fact that Plaintiff was ultimately found to have violated the terms of his supervised release as Smith alleged.  *See United States v. Faber*, 2:05-cr-53, ECF No. 77, 96 (W.D. Mich.).  In sum, Plaintiff's allegations do not state a claim for retaliation. Furthermore, even if Plaintiff had sufficiently alleged a claim of retaliation as to Smith, Plaintiff's attempt to hold Garcia accountable for such based on nothing more than the fact that Garcia is Smith's supervisor is insufficient.  *See, e.g., Rodriguez v. City of Cleveland*, 439 Fed. Appx. 433, 457-58 (6th Cir., Aug. 26, 2011).

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2).  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: August 1, 2018

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge